THE STATE, DEFENDANT IN ERROR, v. JAMES LOCKE (IMPLEADED WITH JOSEPH C. RUPPRECHT), PLAINTIFF IN ERROR.

Argued October 5, 1937—Decided October 14, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiff in error, *Abraham Levitan* (*Edward M. Salley*).

For the state, *William T. Cahill,* assistant prosecutor of the Pleas (*Daniel O'Regan,* prosecutor, and *Frank G. Schlosser,* assistant prosecutor, on the brief).

The opinion of the court was delivered by

PARKER, J. The two defendants were jointly indicted for robbery (a payroll "hold-up") at the April term, 1935.

Defendant Locke was promptly apprehended, was arraigned, pleaded not guilty, and was released on bail. Rupprecht remained at large until December, 1936, when he also pleaded not guilty. Both defendants were placed on trial March 1st, 1937, when Rupprecht changed his plea to guilty and was remanded for sentence. The trial proceeded as to Locke, who was found guilty by the jury, and later sentenced. About two weeks after sentence his counsel asked for a new trial, which was denied. The case does not show the grounds of the application, nor has counsel seen fit to state them. The reason for alluding to this detail will appear presently.

There is no certificate of the entire trial record, and consequently the case is here on strict writ of error. There are only four assignments of error. The first is that the grand jury that found the indictment was illegally selected. This was not argued here, nor raised below, and there is not a scintilla of proof to support it. The same may be said of the second, that the general panel of petty jurors was illegal. The fourth, taken up out of numerical order, is that the verdict was against the weight of evidence. This, of course, is unavailable on strict writ of error. *State* v. *Clark,* 75 *N. J. L.* 473; *State* v. *Mason,* 113 *Id.* 364; and therefore needs no further consideration, though it may be said that we find ample evidence to support the conviction. Finally, the third assignment is that the conviction is erroneous because Locke "did not have the legal and proper benefit of counsel." The record is barren of any evidence to support this, and similarly barren of any indication that such a claim was drawn to the attention of the trial court, or that any relief was asked. The brief contains some statements without support in the stenographic transcript submitted by plaintiff in error, and which cannot be considered. What the transcript does show, is that the case was called, the plaintiff in error being represented by Joseph Mocco, a young attorney of this court; that the court assigned Abraham Levitan to assist Mr. Mocco; that a jury was selected and sworn; that Mr. Levitan was summoned to another court room, and on his own request was temporarily excused. No request to intermit the trial appears. The first state witness testified to making up and delivering the payroll; the second, a police officer, said he accompanied the payroll clerk to his destination and waited downstairs. The third, also a policeman, went upstairs, saw the payroll delivered, and the two officers left the scene. The fourth, a female employe, testified to the hold-up, but could not identify anyone. A fifth was sworn, gave her name, and at this point Mr. Levitan returned and remained in the case to the end. The defense was an alibi without any question as to the *corpus delicti.* There was no cross-examination by Mr. Mocco

and no objection to any question while Mr. Levitan was away. There was no complaint of the trial having proceeded in his absence. Nor can we perceive that defendant was prejudiced in the slightest degree even apart from the absence of any representation to the court of such prejudice.

We confess to some surprise at the prosecution of this writ, in a case utterly devoid of technical or substantial merit. The judgment is affirmed.